## STATE vs. DAVID KEEN.

1. THEATERS AND SHOWS—CONDUCTING WITHOUT LICENSE—OFFENSES.

26 *Del. Laws, c.* 16, § 11, provides that for each license to conduct an amusement park a license fee of $500 shall be paid, and *section* 13 provides that for each license to conduct or exhibit any other place of amusement for profit a fee of twenty-five dollars shall be paid. *Held*, that licenses were required to conduct a place of amusement, even within an amusement park which has been duly licensed, so that one conducting penny slot machines in a duly licensed amusement park was required to himself also pay a license fee under *section* 13.

2. TRIAL—PROVINCE OF COURT.

It is the province of the court to instruct the jury on the law.

3. THEATERS AND SHOWS—LICENSES—LICENSE OF PARTNERSHIP.

Under the statute, persons conducting an amusement park, or an amusement therein, as a partnership, must take out a license in the partnership name, and not in the name of one of the partners.

(*March* 8, 1912.)

Judges BOYCE and CONRAD sitting.

*Josiah O. Wolcott,* Deputy Attorney General, for the state.

*J. Frank Ball* for the defendant.

Court of General Sessions, New Castle County, March Term, 1912.

INDICTMENT (No. 39, January Term, 1912) for conducting a place of amusement without a license.

The defendant was indicted under *Section* 13, *Chapter* 16, *Volume* 26, *Laws of Delaware, page* 30, which provides: "For each license to conduct or exhibit any other place of amusement for profit, a fee of twenty-five dollars ($25) shall be paid to the Clerk of the Peace for the use of the State." It was conceded that the defendant maintained penny slot machines at the Brandywine Springs Park without a license having been issued to him under above statute; but it was urged by counsel in defense that he was not required to take out such license for the reason that he was a concessionaire of the Peoples Railway Company who owned said Brandywine Springs Park, and who had taken out a license as required by *Section* 11 of said Act which reads: "For each license to conduct or exhibit an amusement park, a fee of five hundred dollars ($500) shall be paid to the Clerk of the Peace for the use of the State."

The contract entered into between the Peoples Railway Company and the defendant, by which the concession to exhibit the said slot machines was granted to the defendant, being offered in evidence and objected to by the Deputy Attorney General as immaterial and irrelevant, the objection was sustained. It was further sought to introduce in evidence by the Deputy Clerk of the Peace that a license had been granted to the Peoples Railway Company to conduct an amusement park at Brandywine Springs Park, but which was objected to as immaterial and irrelevant, and the objection was sustained.

Counsel for the defendant prayed the court to instruct the jury as follows:

That where a license is granted to a party to conduct or exhibit an amusement park it includes the exhibits carried on in

said park by any concessionaire of the party securing the license.

Should the jury believe that a license had been granted to the Peoples Railway Company to conduct or exhibit an amusement park and that the defendant was a concessionaire under the said company holding the license, then the jury should find the defendant not guilty.

Should the jury believe that the defendant carried on his exhibit in the Brandywine Springs Amusement Park as partner with the Peoples Railway Company, the owner of the said amusement park, and that a license had been granted by the Clerk of the Peace to said Peoples Railway Company for said park, then the jury should find a verdict of not guilty.

Should the jury believe that the Peoples Railway Company had a license for said amusement park and exercised control over the exhibit of the defendant, then the jury should render a verdict of not guilty.

The Deputy Attorney General prayed the court to instruct the jury that if they should find that the defendant conducted a place of amusement for profit at said park, without a license, the jury should return a verdict of guilty.

CONRAD, J., charging the jury:

Gentlemen of the jury:—[1] The point at issue is as simple as it perhaps could be for the determination of a jury; and that point is whether the defendant carried on a place of amusement during the year 1911 within the limits of this county without having obtained a license therefor. That is the sole question you are to determine. The question of whether the Peoples Railway Company had control or had not control of Brandywine Springs Amusement Park is not for your determination. The question as to whether this defendant conducted a business within that enclosure is not a relevant feature in this case at all.

[2] The court must hold that, with the law reading as it does, a man can conduct a place of business within an amusement park and still be liable to take out a license for himself under this statute. That is the position of the court, gentlemen, as regards the law governing this case, and it is the province of the court to

                              Verdict.

instruct the jury as regards the law. We want you to understand that, under the statute that has been quoted here, a person, in order to carry on a place of amusement, even though that place of amusement be within an amusement park which has been duly licensed, must pay to the state a certain license fee.

If you find that the defendant, David Keen, did carry on a place of amusement last year as charged in this indictment, without having obtained and paid for a license as the law provides, then you should find him guilty.

[3] The defendant contends and has sought to prove that there was a partnership existing between the Peoples Railway Company and himself. If you should find from the evidence that such a partnership existed, then it is incumbent upon the defendant to show that he had a license, not in his name, but a license in the name of the partnership, as the statutes of this state require, and if he does not show that, then he is liable under this indictment. We leave the matter with you, gentlemen, to decide. The issue is a narrow one and we do not think you should be a great while in reaching your determination.

Verdict, guilty.